NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

RUSSELL L. NIXON, BY HIS MOTHER AND NEXT FRIEND, ROSE M. NIXON, PETITIONER, v. AMERICAN BROWN-BOVERI ELECTRIC CORPORATION, RESPONDENT.

This matter coming on to be heard before Charles E. Corbin, deputy commissioner, at the city of Camden, New Jersey, on October 4th, 1927, October 20th, 1927, and December 12th, 1927, and the hearing being attended by William C. French, Esquire, by Samuel H. French on behalf of the petitioner and by Carr & Carroll, attorneys for the respondent, and I having heard and considered all the testimony adduced, do hereby determine and find as follows:

1. Russell L. Nixon, the petitioner, infant of the age of eighteen, filed his petition against the respondent, setting up in his petition the following claim:

2. That on April 12th, 1926, while employed by respondent in the work of pulling an electric cable on United States Steamship Saratoga, at Camden, New Jersey, he fell and struck a tank, causing an injury to the spine, and that the fall and resulting injury was caused by the cable being fed into his hands with a sudden thrust and with unusual rapidity, and that the cable got caught and suddenly stopped with a jerk and jolt; that the petitioner was compelled to stop work because of the injury on April 17th, 1926; that he was well enough to go to work again on May 5th, 1926, but performed duties with great difficulty and frequent absences. The peti-

tion further set up that there was a permanent injury resultant from the accident, which injury was claimed to be an "infection to the spine." A large quantity of evidence was taken, both on behalf of the petitioner and of the respondent.

3. On April 12th, 1926, petitioner applied at the infirmary at the plant of the respondent claiming that he had received an injury to his back. He was examined by a Dr. Ley, the physician in charge of the infirmary; he was stripped to the waist and there were no visible signs of an injury; no marks, abrasions, contusions or swelling. He was given electric-therapeutic heat treatments at the infirmary on April 12th, 13th, 14th, 15th, 16th and 19th, and on none of these occasions was there any visible evidence of injury. He lost no time or pay following the alleged accident. He left the employ of the respondent, giving as his reason therefor that he was going to take a better position. There were no witnesses to the alleged accident, nor was any report made thereof to his foreman or immediate superior. On May 4th, 1926, the petitioner obtained employment with the General Electric Company at Philadelphia, and worked for that company until September 18th, 1926, without the loss of any time due to any physical disability. Prior to his employment with the General Electric Company he was subjected to a physical examination by a physician employed by that company, which examination included the back and spine of the petitioner, and no physical disability or injury whatever was disclosed. In answer to one of the questions upon the employment form of the General Electric Company he disclaimed any prior accidental injury. He left the General Electric Company for the purpose of becoming a student in the Drexel Institute in Philadelphia. He entered that school almost immediately following his cessation of employment with the General Electric Company. He continued to attend the school regularly until the close of the school year, about June, 1927, having lost no time at the school. In December, 1926, an X-ray picture was taken which disclosed a condition of osteo arthritis of the right sacro-illiac joint. A second X-ray picture was taken in the following January, disclosing a similar condition

with some improvement. The medical testimony, while in conflict in some particulars, is in agreement upon the fact that osteo arthritis is of focal infection origin and not caused by traumatism. While some physicians for the petitioner were of the opinion that the injury claimed in this case was responsible for "lighting up" an existing infection, this opinion was flatly contradicted by the physicians called by the respondent, and I am of the opinion that the petitioner has failed to sustain the burden of proof in this particular, especially in view of the fact that there was no visible evidence of injury whatever seen or observed by any medical witness within a reasonable period following the alleged accident sufficient, in my opinion, to account for the injury. I am impressed by the medical testimony to the effect that had there been such an injury it would have been attended by such pain as to have made it extremely unlikely that this young man could have continued his several employments and his course at the Drexel Institute without interruption. I find that there is no corroboration of the petitioner's story as to how the alleged accident actually occurred. The method by which the particular work was accomplished was testified to by the superintendent of electrical work in charge of the work upon the steamship Saratoga, and was wholly at variance with the petitioner's statement. The petitioner's testimony as to the method of pulling the electric cable on board this ship indicated a method so crude and so at variance with modern methods as, in itself, to place a strain upon credulity. In this respect the case bears some resemblance to that of *Petti* v. *The City of Newark, 5 N. J. Mis. R. 877.*

I, having heard and considered the testimony adduced, do hereby determine and find as follows:

1. The petitioner was in the employment of the respondent on April 12th, 1926; that the amount of his weekly wages was $23.76; that on the 12th day of April, 1926, petitioner, while pulling a cable on the United States Steamship Saratoga, at Camden, New Jersey, claims to have fallen and struck a tank causing injury to the spine and that the said fall and resulting injury were caused by the cable being fed

into the hands of petitioner with a sudden thrust and unusual rapidity, by getting caught and suddenly stopping with a jerk and a jolt; that permanent injury resulted therefrom, and that such permanent injury was an infection to the spine. The fact of notice to respondent is not disputed.

2. The petitioner's testimony with respect to the manner in which he received his injuries is without corroboration.

3. The testimony of respondent's superintendent as to the method by which the cable was pulled is wholly at variance with that described by the petitioner.

4. That the doctor at the infirmary of the respondent who examined petitioner on the day of the alleged accident, the nurse who saw and treated the petitioner under the directions of the physician, that Dr. Gamon, the physician later employed by the petitioner, saw no physical signs of any external injury; that Miss McElhome, in charge of the records at the infirmary of respondent, who took the record of the history of the case directly from the petitioner, obtained no history of an accident of the character described in the petition.

5. That the testimony of sundry witnesses established to my satisfaction the following facts:

1. That the petitioner continued in the employment of the respondent for about ten days following the date of the alleged accident without the loss of any time or pay; that he left the employment of respondent stating as his reason that he was going to a better position; that on or about May 4th, 1926, he obtained employment with the General Electric Company at Philadelphia and remained in the employ of that company until September 18th, 1926, without the loss of any time, stating as his reason for leaving that he was about to take a course in the Drexel Institute in Pheladelphia. Prior to his employment by the General Electric Company he was subjected to a physical examination by the physician in the employment of that company, which examination disclosed no physical disability whatever; that shortly following the determination of his employment at the General Electric Company he entered the Drexel Institute, where he continued as a

student until approximately June, 1927, and that he lost no time whatever from the school.

2. I further find, after consideration of all of the testimony, that the petitioner did not prove by the preponderance of evidence that the disability complained of was the result of an accident arising out of and in the course of his employment with the respondent.

\*　　\*　　\*　　\*　　\*　　\*　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*